# Appeal of Esterly et al.

1. A judgment obtained against a decedent in his lifetime, the lien of which has expired by failure to revive, is sufficient evidence of a claim, in distribution of a fund which belongs to his estate.

2. After an unaccounted-for absence of seven years, the law presumes the absentee to be dead. In a case where such absentee, if living, would inherit real estate, such estate will descend not to him but to the heirs of the person dying seised.

3. The appointment of a trustee *durante absentia*, under the Act of April 11th, 1879 (P. L. 21), imports only the absence of the person for whom the trustee is desired. It does not adjudicate the ownership of any property made the subject of the trust, or that the absentee is either alive or dead. The trust is a temporary and provisional one, and is held subject to such uses as to justice and equity belong, under the direction of the court.

4. A. was last heard from in May, 1870, when he disappeared from home, leaving a wife and four children. In March, 1879, his father died intestate seised of certain real estate. Partition of this real estate was had upon the petition of certain of the heirs, which petition set forth the fact of A.'s absence. A guardian ad litem was appointed for A.'s children, and the heirs were subsequently called upon to accept or

[Appeal of Esterly et al.]

refuse the purparts awarded by the inquest. A. failed to respond, and thereupon the guardian ad litem appeared and refused to take at the valuation. Certain other heirs took the property at the valuation and gave bonds "to A. if living, and in case A. died before his father, then to his heirs and legal representatives," for a proportionate share of the property. In 1880, A.'s wife applied for the appointment of a trustee for A. *durante absentia*, and a trustee was appointed to whom the proceeds of a proportionate share of A.'s father's estate was paid. On the audit of the trustee's account—the said proceeds constituting the fund for distribution—B., a creditor of A., presented his claim for allowance. *Held,*

(1) That neither the partition proceedings nor the appointment of a trustee *durante absentia* adjudicated the fact that A. was alive or dead, or the ownership of the said fund.

(2) That after A.'s disappearance for seven years unheard from, the law presumed him to be dead, and this presumption was as effective as direct proof of the fact.

(3) That A. being presumed to be dead, the share of his father's estate went to A.'s children directly, they inheriting as grandchildren.

(4) That therefore A.'s creditors could not participate in the distribution of the proceeds of such share.

March 5th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL from the Orphans' Court of *Berks county:* Of January Term 1885, No. 371.

This was an appeal by Franklin M. F. Esterly and Dr. James G. Mensch, guardians of Anna M. Gery et al., minor children of Joseph H. Gery, from a decree of the Orphans' Court dismissing their exceptions to and confirming absolutely the report of an Auditor appointed to make distribution of the balance in the hands of Jesse Gery, trustee *durante absentia* of Joseph H. Gery.

The facts of the case were as follows: On May 13th, 1870, Joseph H. Gery disappeared from his home in the city of Reading, leaving his wife, Elizabeth Gery, and four minor children, Sarah, Anna, Mary and Lucy E. Gery, and has not since been heard from. In the following June, R. B. Longaker & Son obtained a judgment by default against him in the Common Pleas of Berks county for $155.66, and this judgment was subsequently revived, judgment of revival having been taken by default after two returns of nihil habet. The writs of scire facias were not served upon the wife and children of the defendant, although they continued to reside in the city of Reading.

On March 11th, 1879, Joseph T. Gery, the father of Joseph H. Gery, died intestate in Montgomery county seised of real estate in said county, and leaving him surviving three children "and the said Joseph H. Gery, if living." The Orphans' Court of Montgomery county, upon the petition of his heirs, awarded an inquest of partition.

[Appeal of Esterly et al.]

This petition set forth, "that Joseph H. Gery (absentee), the son of said intestate, had been absent from his home and unheard from since May 13th, 1870; that said absentee had a wife or widow living, and the aforesaid four children, none of whom had guardians." The said court thereupon appointed Joseph Fornance guardian ad litem, and awarded said inquest, which was returned September 1st, 1879, appraising the real estate in three purparts. A rule was then granted for all parties interested to appear in court on October 13th, 1879, to accept or refuse. On said day the heirs were called; purparts Nos. 2 and 3 were taken by Jesse H. Gery, the eldest son, at the valuation. Thomas H. Gery, the second eldest son, took purpart No. 1 at valuation, and as regards the share and rights of said Joseph H. Gery, absentee, the third eldest son, the record discloses as follows : " Joseph H. Gery, third eldest son and heir of said decedent, on being called failed to appear, and it not being satisfactorily proven to the court whether the said Joseph H. Gery was living or dead, the court directed that Joseph Fornance, guardian ad litem for the children of said Joseph H. Gery, should be called and asked whether he would in behalf of his said wards give more, &c.; and said guardian being called, declined on behalf of said wards to give more." The said purparts were then adjudged to said Jesse and Thomas H. Gery at the valuation, and they were directed to give bonds with security in double the amount " coming to each of the other heirs," which was done accordingly. The bonds thus given stated that the obligors " are held and firmly bound unto Joseph H. Gery, third eldest son and heir of Joseph T. Gery, late," &c., " and in case the said Joseph H. Gery died before his father, then to his heirs or legal representatives."

On March 15th, 1880, Elizabeth Gery applied by petition to the Orphans' Court of Berks county, setting forth in brief the facts of the disappearance of said Joseph H. Gery, absentee; his previous residence in Reading aforesaid; his not having been heard of or from since May 13th, 1870; the death of his father, Joseph T. Gery, intestate, in 1879, seised of realty and personalty, representing that there was no authorized person to take charge of or manage the estate of said absentee, and prayed the court to appoint a trustee for that purpose, in accordance with the Act of Assembly approved April 11th, 1879 (P. L. 21), authorizing the appointment of trustees *durante absentia* in certain cases. The court appointed Jesse Gery trustee *durante absentia* of the estate of Joseph H. Gery, absentee, and to this trustee the proceeds of a proportionate share of the estate of Joseph T. Gery, deceased, were duly paid.

[Appeal of Esterly et al.]

The trustee filed an account of the moneys thus received by him, and Horace A. Yundt, Esq., was appointed Auditor to report distribution of the same, before whom the following persons appeared and claimed distribution, viz.: Elizabeth Gery, wife of Joseph H. Gery; Dr. James G. Mensch, guardian of Sarah; Franklin M. F. Esterly, guardian of Anna, Mary and Lucy, minor children of the said Joseph H. Gery; and R. B. Longaker & Son, who claimed distribution on a judgment obtained against Joseph H. Gery in the Court of Common Pleas of Berks county.

The claims of Elizabeth Gery and R. B. Longaker & Son were objected to by the guardians of the minor children of Joseph H. Gery, who contended that Joseph H. Gery having left his home and family on May 13th, 1870, and not having been heard from since that time, died, in presumption of law, on May 13th, 1877, and his father, Joseph T. Gery, from whose estate the fund for distribution has been derived, having died subsequently, to wit: March 11th, 1879, the funds cannot be distributed to the widow nor to the creditors of Joseph H. Gery, but must be distributed to the guardians of Joseph H. Gery's minor children. To the claim of R. B. Longaker & Son it was further objected that the service of the writ upon which the judgment forming the basis of that claim was founded was defective.

To these questions it was answered by counsel for the widow and creditors, that in this proceeding for the distribution of Joseph H. Gery's estate no inquiry can be made into the source from which the fund was derived, nor the right of the trustee to receive it; that persons claiming adversely to the trust fund have no status upon its distribution; that as to the claim of R. B. Longaker & Son the Orphans' Court have no power to entertain the questions raised by that objection; that the Orphans' Court is bound by the judgment of the Court of Common Pleas, except where it can be shown that the judgment has been paid since its recovery, or is void upon its face.

The Auditor reported as follows: The Orphans' Court of Berks county in ordering a distribution of said estate has adjudicated that the death of Joseph H. Gery has occurred, and that the same has been established by evidence satisfactory to said court. The Auditor is bound, therefore, to distribute the funds as the estate of Joseph H. Gery, and in the same manner and to the same parties as if he had died seised and possessed of property, and the funds derived from the same were in the hands of an executor or administrator for distribution. He cannot distribute it as the estate of Joseph T. Gery, the father, nor can he inquire from what source the

13 OUTERBRIDGE—15

estate was derived. It appears from the account filed that the fund is in the hands of a trustee duly appointed by the Orphans' Court. Whether or not he had a right to receive the fund is a question that the Auditor cannot pass upon. If by decree of the Orphans' Court of Montgomery county the fund was distributed to the trustee, the Auditor cannot assume to reverse this judgment. If it was paid without a decree of court, the Auditor cannot pass upon the right of the trustee to receive it. The parties claiming adversely to the trustee should have contested this matter in the Orphans' Court of Montgomery county, where the account in the estate of Joseph T. Gery was settled and his real estate partitioned.

The Auditor therefore allowed the claim of R. B. Longaker & Son, and distributed to the widow her full share, and the balance to the guardians of the minor children.

Exceptions filed to this report by F. M. F. Esterly and James G. Mensch, guardians of the minor children, were dismissed by the court and the report of the Auditor confirmed. The exceptants thereupon took this appeal, assigning for error the said action of the court.

*D. E. Schroeder* and *D. & J. N. Ermentrout*, for the appellants.—The decree of the Orphans' Court of Montgomery county adjudicates nothing as to the real ownership of the fund for distribution. On the face of the record the court expresses its doubts as to whether Joseph H. Gery were alive or dead, and the question is expressly left an open one. Nor did the appointment of a trustee *durante absentia* adjudicate the question. It was improvidently made, the petition setting forth facts from which the legal presumption that Joseph H. Gery was dead inevitably arose. But even if the trustee thus improvidently clothed with power by the court had under color of law legally obtained the fund, the fund having been in point of actual fact wrongfully obtained, the trustee can and ought to have been ordered by the court to turn over the fund to the rightful owners. The Act of April 11th, 1879 (P. L. 21), under which the court improvidently appointed the trustee, does not give title to property. The proceeding is an ex parte one, but the simple affidavit does not preclude the rightful owner from asserting and proving title. The trustee simply becomes the custodian of the fund, and under the latter part of section 1 of the Act, " shall be under the control and direction of the court." He is the creature of the court, and can and ought to be controlled by the court, when, under the power of the court, he takes into his hands the money of another, and can be directed and compelled to surrender. In assuming, therefore, that the question of the ownership of the

fund for distribution had been formerly adjudicated, the court below erred. It was free to award the fund to the parties legally entitled thereto, viz. : the minor children of the absentee.

*A. B. Longaker* and *J. K. Grant*, for the appellee.—The Orphans' Court of Berks county, in ordering a distribution of said estate, adjudicated that the death of Joseph H. Gery had occurred, and the Auditor, in making the distribution, was bound to make distribution of said funds of the estate, first, unto the creditors of the decedent; and second, balance, if any, unto the heirs. The fund, therefore, being in the hands of the trustee as the estate of Joseph H. Gery, was properly distributed as such estate by the Auditor, and to adopt the theory of the appellants would be to ask the Orphans' Court of Berks county to review the action of the Orphans' Court of Montgomery county in a matter wherein the latter court had jurisdiction. The decree of the Orphans' Court of Montgomery county directing the payment of the fund unto the trustee is final and conclusive as to the Orphans' Court of Berks county, and to hold that the appellants can set aside this decree in the present proceedings would be authorizing a court of co-ordinate jurisdiction to open, revise, or correct the decree of another court of similar jurisdiction. The estate of Joseph T. Gery, as claimed by the appellants, cannot be distributed in Berks county, nor has the Orphans' Court jurisdiction over that fund. It obtained the money of a living person, it holds it as such, and must distribute it as the estate of the person for whom it was received. The appellants do not claim the fund in question as heirs of Joseph H. Gery, and, therefore, claiming adversely to the trust fund, have no status, and are in no position to interfere with the distribution made by the court : McBride's Appeal, 22 P. F. S., 484; Moulson's Estate, 1 Brews., 296.

Mr. Justice CLARK delivered the opinion of the court, March 30th, 1885.

On the 13th May, 1870, Joseph H. Gery disappeared from his home in the city of Reading, leaving his wife, Elizabeth Gery, and four daughters, Sarah, Anna, Mary, and Lucy E. Gery, and has not since been heard from. On the 17th May following, R. B. Longaker & Son brought suit against him, in the Common Pleas of Berks county, and, on the 30th June, 1870, obtained judgment by default for $155.66; this judgment was subsequently revived by scire facias, judgment having been taken by default after two returns of *nihil habet.* Although the wife and children of the defendant continued to reside in the city of Reading, the writs of scire facias were

not served upon them, nor was a copy left at the dwelling
house, in the presence of any adult member of the family.

On the 11th March, 1879, Joseph T. Gery, who was the
father of Joseph H., died intestate, possessed of a considera-
ble estate, real and personal, in Montgomery county. After
his decease, upon petition of certain of his heirs at law, an
inquest of partition was awarded, by the Orphans' Court of
that county, as to his realty; the petition set forth, inter alia,
as follows: "That said Joseph T. Gery died intestate on
March 11th, 1879, leaving surviving him no widow, but four
children, to wit: Amanda E. Gery, Jesse H. Gery, Thomas
H. Gery and Joseph H. Gery, but the said Joseph H. Gery
has been absent from his home and unheard from since the
13th May, 1870; that the said Joseph H. Gery has a wife or
widow living, named Elizabeth, and had living the following
named children, to wit: 'Sarah,' &c., 'all minors, none of
whom have guardians,'" &c. The court thereupon appointed
Joseph Fornance guardian ad litem for the four minor daugh-
ters of said Joseph H. Gery, and the case was so proceeded
with, that on the 13th October, 1879, the heirs were called to
accept or refuse the purparts reported by the inquest. Jesse
H. Gery and Thomas H. Gery responded to the call, but the
record recites, that "Joseph H. Gery, third eldest son and
heir of said decedent, on being called failed to appear, and it
not being satisfactorily proven to the court whether the said
Joseph H. Gery was living or dead, directed that Joseph For-
nance, guardian ad litem for the children of said Joseph H.
Gery, should be called, &c., and said guardian being called,
declined, &c." The said purparts were then adjudged to said
Jesse and Thomas H. Gery at the valuation, and they were
directed to give bonds with security in double the amount
"coming to each of the other heirs," which was done accord-
ingly. The obligors in the bonds, given to secure the shares
that of right would have belonged to said 'absentee, if living,
"are held and firmly bound unto Joseph H. Gery, third eld-
est son and heir of Joseph T. Gery, late," &c., "and in case
the said Joseph H. Gery died before his father, then to his
heirs or legal representatives."

On 15th March, 1880, Elizabeth Gery, the wife of the said
Joseph H. Gery, presented her petition to the Orphans' Court
of Berks county, asking for the appointment of a trustee
*durante absentia* under the provisions of the Act of April
11th, 1879. The petition was accompanied by affidavits of
persons who knew Joseph H. Gery whilst he lived in the city
of Reading, and who deposed to the fact of his having been
away and not heard from since May, 1870. Upon the pre-
sentation of this petition and affidavits the Orphans' Court of

Berks county appointed Jesse Gery, the oldest brother of the said Joseph H. Gery, trustee as prayed for. This trustee afterwards received and receipted for the amount of the several recognizances, taken in the Orphans' Court of Montgomery county, securing the interest on share of Joseph H. Gery or of his heirs, and also for that distributive share of the personal estate, and, on the 16th November, 1880, filed his account in the Orphans' Court of Berks county, which account was finally confirmed on 22d January, 1881, showing a balance in his hands of $5,905.14; this is the fund now for distribution.

R. B. Longaker & Son claim, in this distribution, to have a sum sufficient to satisfy their judgment awarded to them out of this fund, and whether they are so entitled is the matter to be determined.

The rule is now well settled, for most judicial purposes, that the presumption of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time they were last known to be living: Best on Presumptions, § 140; 2 Greenleaf's Ev., § 278; Innis v. Campbell, 1 Rawle, 373; Whitesides' Appeal, 11 Harris, 114; Williams' Estate, 8 W. N. C., 310. This period of time, as respects Joseph H. Gery, elapsed on the 13th May, 1877; after that day, according to the facts clearly established, he was in the law presumed to be dead. The original judgment of R. B. Longaker & Son having been obtained at a time when the presumption of the defendant's life still prevailed, it matters little whether or not the revival thereof was valid or invalid, as the original judgment is sufficient evidence of a lawful claim upon the fund for distribution, if that fund were the defendant's estate.

But does this fund represent the assets and estate of Joseph H. Gery, so as to enable his creditors to participate therein?

The appointment of a trustee, *durante absentia*, imports no more than that the fact has been made known to the court, in the form and manner prescribed by law, that the alleged absentee has been absent from his usual place of abode, that his whereabouts have not been known for a period of at least one year, and that he has left an estate, without any person to take charge of it. It adjudicates nothing as to his being alive or dead, for that is precisely what is not known, and nothing as to his estate; it makes no provision for notice, and is therefore a proceeding purely ex parte in its character. Although alleged to have an estate, the absentee may, in fact, have none; those who claim adversely are not made parties, and cannot therefore be concluded by the decree. Whether or not he has an estate may, as in this case, depend upon the date of

his death.  He may therefore be fairly supposed to have an estate when he has none, to be alive when he is dead, or dead when, in fact, he is alive.  The proceeding is therefore wholly under the control and direction of the court, and the final disposition of the trust estate must, of necessity, depend upon the development of the truth as to the cause of the absence.

It is true, that at the time of the appointment of the trustee, in this case, the period which limits the presumption of life had already expired, but no adjudication, as to Joseph H. Gery's death, could be had in this form of proceeding, and the trustee entered upon his trust and held the trust property subject to the control and direction of the court, for such uses as to right and justice might belong, when the truth was known and had been established.  The purpose of the provision is to prevent spoil and destruction of the estate, during the absence of the supposed owner, or until his death is shown.  It follows, therefore, that the trust is but a temporary and provisional one, and that the fund is not necessarily the estate of the absentee.  In a distribution of moneys in the hands of an executor or administrator, the fund, from whatever source derived, is necessarily part of the decedent's estate, and participation in it is limited to those who claim through the decedent, either as creditors, legatees, or next of kin :  McBride's Appeal, 22 P. F. S., 481.  In this case, however, the trustee is rather in the nature of a stakeholder, and the distribution is to those who in justice and equity are entitled.

Nor do we discover anything in the record of the proceedings in the Orphans' Court of Montgomery county, the effect of which is to adjudicate the ownership of this fund.  The opinion, filed in the court below, contains a statement of the several sums received by the trustee, out of the realty and personalty of Joseph T. Gery, deceased, the whole amounting to $6,240.85 ; referring to that sum the learned judge says : "This amount was decreed by the Orphans' Court of Montgomery county to Jesse Gery, trustee of the said Joseph H. Gery, and was the amount coming to the said Joseph H. Gery out of his father's estate."  The record exhibits no legal adjudication or decree to that effect ; on the contrary, the doubt, as to the real ownership of that share, is spread all over the record, the proceedings throughout being written in the alternative.  Elizabeth Gery is represented as his wife or widow; Joseph H. Gery, his wife, and the children are all made parties to the partition, the latter being represented by guardians ad litem ; Joseph H. Gery was called to accept or refuse the real estate at the valuation, and as he did not answer the guardian ad litem of the children was called, and the privilege extended to them ; and the recognizances, securing this

[Manderbach v. Bethany Orphans' Home.]

interest or share in the estate, were drawn to Joseph H. Gery, third eldest son, &c., and in case he died before his father, then to his heirs and legal representatives; this was not strictly accurate in expression, perhaps, as the heirs are entitled by representation, and not by substitution, but the meaning is obvious and apparent. These several sums of money were paid to, and received by, the trustee under a right, real or supposed, arising from his appointment, without question in any respect, and in advance of any lawful adjudication as to the actual beneficial ownership; and the fund so received is now brought before the court to be applied to whom it may belong. If it now appeared, by positive and direct proof, that Joseph H. Gery had, in fact, died on the day he disappeared, it certainly cannot be doubted that we would distribute this fund, so held in trust and awaiting adjudication, to those upon whom the estate devolved; and as the presumption of death after the lapse of seven years is as effective as direct proof of the fact, we cannot see how any doubt can exist as to the parties entitled here.

It follows from what has been said that the appellants are entitled as heirs of their grandfather, and not as the heirs of their father, and that R. B. Longaker & Son, as creditors of the father, cannot therefore participate in the fund.

The decree of the Orphans' Court of Berks county is, therefore, reversed, and it is ordered, that the record be remitted, that distribution may be made in accordance with this opinion.