## T. J. MANLEY ET AL. *v.* JOSIE PATTISON ET AL.

1. EVIDENCE.   *Presumption of death.   Seven years absence.   Statute construed.   Code* 1892, § 1737.

   Section 1737, code of 1892, wherein it is provided that ''any person who shall remain beyond the sea, or absent himself from this state, or conceal himself in this state, for seven years successively, without being heard of, shall be presumed to be dead, in any case where his death shall come in question, unless proof be made that he was alive within that time,'' does not justify a presumption of the death of three infant devisees who, at the time of their departure from their last known residence in this state, about eleven years before trial, were of very tender years, the eldest being only seven years old, and who disappeared along with their mother· and stepfather, the last named being at the time under apprehension of a criminal prosecution.

2. SAME.   *Burden of proof.   Sufficiency of evidence.*

   Where a presumption of the death of the persons sought to be affected does not arise under § 1737, code 1892, in view of their number and their youth at the time of their disappearance, together with their subjection to the will of others, and their incapacity to absent themselves from, or conceal themselves within, the state, the burden of proving their death is on him who asserts it, and is

not met by the testimony of one or two witnesses who had learned from others that the persons inquired of had once lived in a certain town of the state, and had not been heard of since their removal, about eleven years previous to trial, there being no evidence that such other persons resided in the town named, and none of any sufficient and reasonable effort to trace the persons inquired of.

FROM the circuit court of Tallahatchie county.

HON. R. W. WILLIAMSON, Judge.

The opinion states the case.

*Wm. C. McLean,* for the appellant.

"By the common law, continuous absence beyond seas for seven years, during which time nothing is heard from the party by those who are likely to hear, death is presumed, as a presumption of law. But if there is no proof of unexplained absence, the mere length of time, even supposing that would make the party eighty years old, if living, is not, by itself, enough to prove death. The presumption, when not governed by statute, is one of experience, varying logically with the circumstances of each particular case." Wharton on Ev., § 1274.

This presumption of death of a child carried off by its parents is, therefore, not allowable, because the absence is explained by the right of the parent to control and direct the child. The infant cannot, by the exercise of his own volition, absent himself from, or conceal himself within, the state while in the custody and under the control of his parents. The law recognizes his incapacity, and will not impute the act of removal to him as his own. There was no evidence that any of the family ever left the state, and the evidence offered to show death is wholly insufficient and unreliable. To apply the statute in a case like this would be an instance of what an English judge denominates "presumption gone mad."

*Stone & Lowry,* for the appellees.

The fact that the children of Rhew were of tender years when

they left their usual place of abode, and are still minors, does not affect the presumption of their death arising under § 1737, code of 1892. No exception in favor of persons under the disability of infancy can be engrafted on that statute. Nothing had been heard of the parties in question for more than seven years by those most likely to hear from them, and they were advertised for in a newspaper, and some inquiry was made through the Masonic lodge. The evidence was sufficient to warrant the peremptory charge given by the court in favor of the appellees. Best on Ev., p. 405; 1 Am. & Eng. Enc. L., title, Absence.

COOPER, C. J., delivered the opinion of the court.

The appellees, claiming as devisees under the will of Mrs. S. O. Rhew, brought this action of ejectment, to recover the lands demanded, against Manley, who is the guardian of the infant children of Dr. J. P. Rhew, deceased, and against Darby, his tenant. Mrs. S. O. Rhew died before February 9, 1880, having, by her will, made the following disposition of the lands: "I give to Jas. P. Rhew, my adopted son, for his natural life, my dwelling and all the lands I now possess (except that herein donated or given to Miss Sarah Lee), and, upon his death, to his children, if any, and if he should die without leaving any living children, or should die with children and they should die, thereupon, or at their death, the dwelling, the land and all the improvements and appurtenances thereunto belonging to be equally divided between Jodie Calhoun, Bessie Calhoun and Sue Lee Cossan."

J. P. Rhew died in 1881, leaving two children, and another was born after his death. In the year 1883 his widow married one Hagard, who removed with the family to Hernando, and then to Hazlehurst, in this state, and, becoming there involved in some trouble, disappeared in the year 1884 from that place with his wife and her children, and has not since been heard from. On the twenty-fourth day of June, 1890, the appel-

lant, Manley, was appointed guardian to the Rhew children and the lands sued for put in his possession.

The plaintiffs claim that, under the will of Mrs. Rhew, they were the devisees in fee of the lands, and entitled to its possession upon the death of J. P. Rhew without leaving children him surviving, or upon the death of the last surviving child, and they further claim that the children of J. P. Rhew are in fact all dead.

On the conclusion of the testimony, the plaintiffs and the defendants, respectively, asked the court to give the general charge and that for the plaintiff was given.

It is said by counsel that the court below was of opinion that the death of the children of J. P. Rhew was sufficiently established by the facts proved, because of our statute, which declares, as a rule of evidence, that "any person who shall remain beyond the sea, or absent himself from this state, or conceal himself in this state, for seven years successively without being heard of, shall be presumed to be dead in any case where his death shall come in question, unless proof be made that he was alive within that time," etc.   Code, § 1737.

We think the provisions of this statute are not applicable to the case made by the record.   The children whose existence is brought in question, were, when last heard of, in the year 1884, of tender years, the eldest being of about the age of seven, and the youngest of three years.   They were members of the family of Hagard, who had control of their movements, and could fix their domicile.   Whether Hagard, when he disappeared from Hazlehurst for the purpose suggested by the evidence of escaping criminal prosecution, went beyond seas or from this state, does not appear; nor is there any evidence to establish the fact that these young children have concealed themselves within this state.   Hagard and his wife, it may be true, have concealed themselves and the children, but the statute, which manifestly refers only to persons having volition and the right of free locomotion, does not create the presumption of the

death of children incapable, by reason of their tender age, of "absenting" themselves from the state or of "concealing" themselves within it.

The burden of establishing the death of the children without the aid of the presumption afforded by the statute, has not been met and sustained by the plaintiffs. No sufficient and reasonable effort has been made to discover under what circumstances the family left Hazlehurst, to what place the removal was made, or whether persons acquainted with the family at Hazlehurst, and who were accustomed to associate with them, have, since the removal, received information which, if properly prosecuted, would lead to the discovery of the children, if alive, or to the fact of death, if they are in truth dead. One or two of the plaintiff's witnesses seem to have casually met one or more persons who had some knowledge of the fact that Hagard and the children once lived at Hazlehurst, and who have not heard from the children or the family since the removal. But it does not appear that such persons were residents of Hazlehurst, nor, if they were, that they belonged to that class of persons to which information would probably come of the movements or residence of Hagard and his family. The fact that one or more residents of a town or village has heard nothing of a man and his family who, more than seven years ago, removed from that town, may entirely consist with the continued life and health not only of one, but of all the members of that family, and the probability of the death of all the members of a family of five is scarcely suggested by proof that certain persons, not shown to have been related to the family nor to have associated with it or any of its members in social or business relations, have not heard from the family since its removal from the town.

*The judgment is reversed.*