## Baker *v*. Fidelity Title & Trust Company, Appellant.

*Decedents' estates—Presumption of death—Unaccounted absence—Evidence.*

1. The presumption of death arising from an unaccounted absence of a person for seven years must be taken to run exclusively from the termination of the prescribed period, so that the person must be taken to have then been dead, and not before. McCausland's Est., 213 Pa. 189, explained and distinguished.

2. Where a son has disappeared and his absence has been unaccounted for, for less than seven years before the death of his mother, he will be presumed to have lived until after the death of his mother, and if the latter dies intestate, and the son has also left no will and no children, the widow of the son will be entitled to a half interest for life in the real estate which descended to her husband, and the income may be paid to her directly without raising an administration on her husband's estate under the Act of June 25, 1885, P. L. 155.

Argued April 29, 1913. Appeal, No. 144, April T., 1913, by defendants, from decree of C. P. Allegheny Co., April T., 1912, No. 1,176, on bill in equity in case of Emily Baker v. Fidelity Title & Trust Company, executor of the last will and testament of Joseph Agans, deceased, appellant, Minnia Morella Urquhart and Aleck Urquhart. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for partition and an account of rents.

SHAFER, J., filed the following opinion:

### FINDINGS OF FACT.

1. Elizabeth Agans died in August, 1903, intestate, seized of the several parcels of land described in the bill.

2. She left surviving her a son, Joseph Agans, defendant herein, who died since the trial of this case, and whose personal representatives and heirs have been substituted as parties.

3. In the year 1876 she had adopted John Frank

Baker, who if living would be entitled to an undivided one-half interest in her real estate, in common with Joseph Agans.

4. John Frank Baker was married to Emily Baker, the plaintiff, on June 26, 1889.

5. A number of years before the death of Elizabeth Agans, his adopted mother, Baker disappeared and has been absent and unheard of ever since, under such circumstances as to raise a presumption of his death, and the question of fact in this case is as to whether the end of seven years from the time of his disappearance was before or after the death of Elizabeth Agans. The testimony was conflicting and not very satisfactory as to dates. The best and most effective piece of evidence in regard to the matter was that given by a superintendent of a steel mill in Pittsburg in which Baker worked, and the pay rolls of that mill, from which it appears that Baker had not left this city seven years before the death of Elizabeth Agans. We find the fact to be that Baker disappeared less than seven years before the death of Elizabeth Agans. Baker was intestate, and left no children or other descendants, and his share of the land therefore descended to Joseph Agans subject to the interest of his widow.

6. At the death of Elizabeth Agans there was a mortgage made by her upon lots Nos. 52 to 58, inclusive, in Charles A. Colton's Plan described in sec. C of paragraph 4 of the bill, upon which a balance was owing, and upon which mortgage a scire facias was issued against Joseph Agans, as administrator of Elizabeth Agans, and Joseph Agans, personally, and Frank Agans, and judgment taken thereon against each of them by default, and a lev. fa. issued thereon and the property was sold by the sheriff to Mary E. Myers for $60.05, and a deed made to the purchaser, who afterwards conveyed the property to Joseph Agans for the consideration of $1.00. This sale was procured to be made by Joseph Agans, and Mary E. Myers was procured by him to be

the purchaser from the sheriff, for the purpose of divesting the title of the plaintiff's husband.

## CONCLUSIONS OF LAW.

1. Under the circumstances of this case it is to be presumed that Baker was alive up until the time when a presumption of his death arose from his having been absent and unheard of for seven years. In other words, it is presumed that he is dead, and that presumption arose at the end of seven years from the time of his disappearance: Burr v. Sim, 4 Wharton, 150. Defendant's counsel has referred us to the case of McCausland's Est., 213 Pa. 189, as being authority for the proposition that, while the presumption of death arises in seven years, there is no presumption as to when within the seven years the party died. What was said in that case must be taken with reference to the facts of it. What was meant was that the presumption of the continuance of life to the end of seven years should not be allowed to prevail over the contrary presumption of innocence, and the presumption in favor of the validity of marriage where the legitimacy of issue is in question, a distinction which has been often recognized.

2. Frank Baker being presumed to have lived until after the death of Elizabeth Agans and then to have died, he was entitled to one undivided half of her real estate, and Emily Baker, the plaintiff, is entitled to a life estate in one-half of his undivided half.

3. The defendant argues that as there is only a presumption of Baker's death, and he may not in fact be dead, a partition cannot be had, as it might result in a sale of the land without notice to Baker if he is alive. This is, however, nothing more than to say that while he is to be presumed to be dead that presumption cannot be acted upon. In this view of the case the land must remain undivided until Baker, if living, would be one hundred or more years old. To such a view of the case we cannot, of course, agree. The co-owners of

Baker are not bound to wait for his return. The land is now in the possession of the defendant, and if Baker is not dead she has no right to such possession [sic]. There will be no difficulty in so conducting the proceeding that no sale will be necessary, but [sic] either a setting apart of part of the land or a charge upon the land; and if Baker returns the defendant [sic] will owe him no more for rents and profits than if Joseph Agans, now deceased, and his residuary legatee had remained in possession.

4. The sheriff's sale procured to be made by Joseph Agans of the interest of Frank Agans as above set forth was made under such circumstances as to make Joseph Agans a trustee for Baker or his heirs, being an attempt by a cotenant to purchase land for himself under a common incumbrance. As such trustee, however, he is entitled to be reimbursed out of the share of Frank Baker for his proportionate share of the costs and expenses of the sale.

5. Since the bringing of this action and the hearing of the evidence Joseph Agans died, leaving a will by which he made Minnie Morella Urquhart his residuary legatee, his interest in the lands in question being a part of the residue and Minnie Morella Urquhart, who is the wife of Alexander Urquhart, is therefore now entitled to the whole of the interest of Joseph Agans.

6. The plaintiff is therefore entitled to a decree that she and Minnie Morella Urquhart together and undivided do hold the lands described in the bill, the share of the said Minnie Morella Urquhart being the whole of the same in fee, subject to a life estate in one-fourth thereof in said Emily Baker; and the share of the said Emily Baker being the said undivided one-fourth thereof for the term of her life, as widow of Frank Baker, subject to her share of the payments and expenses incurred by Joseph Agans in the sheriff's sale above mentioned; and that partition be made between them accordingly, and an account be taken of the rents and profits owing to the plaintiff, if any; said partition and account to be had according to the practice in equity.

*Error assigned* was decree entered in accordance with the opinion.

*Frederic W. Miller*, with him *John S. Robb, Jr.*, for appellant, cited: McCausland's Est., 213 Pa. 189; Devlin v. Com., 101 Pa. 273; Cunnius v. Reading School District, 21 Pa. Superior Ct. 340, 206 Pa. 469, and 198 U. S. 458 (25 Sup. Ct. Repr. 721); Scott v. McNeal, 154 U. S. 34 (14 Sup. Ct. Repr. 1108).

*Ralph L. Smith*, for appellee, cited: Burr v. Sim, 4 Wharton, 150; Whiting v. Nicholl, 46 Ill. 230; Sherod v. Ewell, 104 Iowa, 253; Foulks v. Rhea, 7 Bush (Ky.), 568; Whiteside's App., 23 Pa. 114; Esterly's App., 109 Pa. 222; Rhodes's Est., 10 Pa. C. C. Rep. 386; William's Est., 8 W. N. C. 310.

OPINION BY HENDERSON, J., October 13, 1913:

The appellant's statement of the question involved limits our examination to a consideration of the question whether when a husband is presumed to be dead by the lapse of seven years after he was last heard from his widow is entitled to take her share in the real estate under the intestate acts or should the rents and profits thereof be paid through the medium of an administrator appointed under the Act of June 24, 1885, P. L. 155. The argument submitted extends the discussion and supports the contention that although a presumption of death arises after an unaccounted for absence of seven years there is no presumption as to the time when death actually occurred within the seven years and inasmuch as the plaintiff's husband was last heard from less than seven years before the death of his foster mother from whom he inherited the land in question there is neither evidence nor presumption that the husband was living at the date of the foster mother's death and if not then living no title descended to him at her death. This question is not

now open to debate, however. It has been persistently held since the decision in Burr v. Sim, 4 Whart. 150, that the presumption of death must be taken to run exclusively from the termination of the prescribed period so that the person must be presumed to have then been dead and not before. Whiteside's Appeal, 23 Pa. 114, and Esterly's Appeal, 109 Pa. 222, followed in the same line and in Schoneman's Appeal, 174 Pa. 1, it was held that the decision in Burr v. Sim and the cases following it established a rule of property in this state which cannot be changed without disastrous consequences. McCausland's Estate, 213 Pa. 189, which the learned counsel for the appellant cite as disturbing the rule as declared in Burr v. Sim has not the effect attributed to it. That was a case arising on the distribution of an estate in the orphans' court where the validity of a second marriage was involved. The wife having contracted a second marriage within seven years after the disappearance of her first husband and the question of the validity of the second marriage having arisen more than seven years after her first husband was last heard from it was said by the court in considering one of the questions raised that though seven years must elapse before the presumption of death arises when this period does elapse there is no presumption as to the time when during the seven years the death of the absent party actually occurred and therefore to help the presumption of innocence or legitimacy there is no presumption that it occurred after the second marriage but rather that it occurred before. This was a statement in another form of the rule that the presumption is in favor of legitimacy and of the validity of the second marriage as not having occurred prior to the death of the absent husband. One presumption encountered another; the presumption of the validity of the marriage overcame the presumption of the continuance of life of the man who had disappeared. This was not intended, however, to impair

the force of the principle established in the cases cited or to disturb the titles resting thereon. It is conceded in the argument of the appellant's counsel that if the bill for partition can be sustained because of the presumption as to the time of the death of Frank Baker the appellant must account to some person for the arrearages of dower the only question being whether it is to account to the plaintiff or to an administrator of Baker's estate under the act of 1885. Its only interest is to avoid payment to a party not entitled to receive the fund. The act of June 24, 1885, relates to the granting of letters of administration on the estate of persons presumed to be dead by reason of long absence from their former domicile. It provides a mode of administration of such property as would come into the hands of an administrator, but the proceeding now under consideration is not for the collection or conservation or administration of Baker's estate; it is a proceeding to partition his estate and that which the appellee is demanding is her property and never was a part of the estate of Baker. It came into being after he died. When the presumption of death arose the rights of his widow took effect and as no appeal is taken from the decree in partition by the widow or the heir it does not appear that the interests of the appellant are in any wise prejudiced. The contention that it may hereafter be discovered that Frank Baker is alive is one which might be made with propriety after an accounting when the money is to be paid over, but until that time the accountant incurs no risk and is not subjected to any prejudice. The action is not against the estate of the missing husband but against the heir at law for the settlement of a property right and is in its general features a proceeding in rem as to which the jurisdiction of the court is unquestioned.

The assignments are overruled and the decree affirmed at the cost of the appellant.