## Jaskalski, Appellant, *v*. Pennsylvania Slovak Roman & Greek Catholic Union.

*Evidence—Presumption of death — Minor children — Beneficial associations—Beneficiaries of death benefits.*

The rule of law that seven years' continuous and unexplained absence of a person from his last domicile raises the presumption of his death, applies to minor children of tender years who are taken away from their father's home by their mother.

Where a wife takes two of her four children aged five and six years respectively, and abandons her husband, and the father continues to live with the other two children, and nine years after the desertion of his wife becomes a member of a beneficial association and designates as his beneficiaries "his children" without naming them or specifying their number, and two years thereafter one of the older children who lives with him dies, and the husband himself dies twenty-two years after the desertion of his wife, the surviving daughter living with her father, in a suit against the beneficial association, for the death benefits, is entitled to rely on the presumption that the two children who had been taken away by their mother were dead at the time of the trial of the case.

In such a case the plaintiff is entitled to show that the local lodge notified the general organization that the plaintiff was the sole beneficiary.

536 JASKALSKI, Appel., v. PA. SLOVAK R. & G. C. UNION.

Statement of Facts—Opinion of the Court. [64 Pa. Superior Ct.

Argued April 21, 1916. Appeal, No. 96, April T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1914, No. 1335, on verdict for defendant in case of Zuzanna Jaskalski, wife of Wojcieck Jaskalski, v. Pennsylvania Slovak Roman & Greek Catholic Union. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for death benefits. Before CARPENTER, J.
Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were rulings on evidence referred to in the opinion of the Superior Court and binding instructions for defendant.

*Alfred S. Miller,* for appellant.—Unexplained absence for seven years from the last known residence raises a presumption of death: Burr v. Sim, 4 Whar. 150; Bradley v. Bradley, 4 Whar. 173; Whiteside's App., 23 Pa. 114; Esterly's App., 109 Pa. 222; Schoneman's App., 174 Pa. 1; Baker v. Fidelity Title & Trust Co., 55 Pa. Superior Ct. 15.

The time of death is the end of the seven-year period and not the date of the decree: Bradley v. Bradley, 4 Whar. 173; Whiteside's Appeal, 23 Pa. 114; Baker v. Fidelity Title & Trust Co., 55 Pa. Superior Ct. 15.

*John Kulamer,* for appellee: Campbell v. Reed, 24 Pa. 498, rules this case.

OPINION BY ORLADY, P. J., October 9, 1916:

In 1890 the plaintiff's father and mother, with their four children lived in Jeddo, Pennsylvania, when for causes not disclosed by this record, the wife left their home taking with her the two younger children, Mary and Julia, they being then aged five and six years respectively. The father continued to live with the two

other children, Zuzanna, this plaintiff, and Anna, who died in 1911. In 1899 the father became a member of Branch No. 41, of the defendant beneficial association, and continued in good standing until his death in 1912, when under its constitution and by-laws it became liable to the beneficiaries designated in its contract with the plaintiff's father as "his children," without naming them or specifying their number.

One year after 'his death this action was brought to recover the whole of the death benefit ($1,000), and the affidavit of defense filed admitted, that this plaintiff was entitled to one-third of that sum, which amount was paid to her and the suit proceeded in for the balance.

At the trial the court gave binding instructions to find for the defendant, and on this appeal the question involved is, whether the well-recognized rule of law that seven years' continuous and unexplained absence of a man from his last domicile, which raises the presumption of his death, applies to minor children of tender years who are taken away from their father's home by their mother. It is conceded that from 1890 to 1915, when the case was tried, the mother and the two children named, had not been heard of or from, though the father made unsuccessful inquiries to ascertain their whereabouts. The twenty-five intervening years would fix the ages of these daughters at over thirty years, at the time when it became necessary to establish their relationship, as beneficiaries.

The presumption of the continuance of life is at most merely a presumption of fact, which is subject to be controlled by facts, circumstances and other legitimate evidence. And it is by no means of equal strength at all times, and under all circumstances. It is laid down as a general rule, supported by many authorities in 13 Cyc. 295, "That when a person is shown, or appears to have been living at one time, the presumption is that he is still alive, at least for such time as is not contrary to the laws of nature in respect to the duration of human life.

And the rule is not confined in its application to any particular class of individuals, but applies to children, and persons of advanced age, as well as to persons in the prime of life and in bad health, as well as to those whose health is good."

In Manley v. Pattison, 73 Miss. 417, 55 Am. St. Repts. 481, it was held that a statute creating a presumption of death of any person from seven years' absence, without being heard of, refers only to persons having volition, and the right of free locomotion, and does not apply to children incapable, by reason of tender age, of absenting themselves from the state or concealing themselves within it. In this State there is no statute fixing the presumption, and our cases have been decided on the presumption of the common law; Mutual Benefit Company Petition, 174 Pa. 1; Innis v. Campbell, 1 Rawle 372; Miller v. Beates, 3 S. & R. 490.

The length of absence necessary to raise the presumption of death is not governed by any arbitrary rule, but as stated in Holmes v. Johnson, 42 Pa. 159, as some general rule is necessary, seven years has been established as the time, the lapse of which is sufficient to raise this presumption. In Esterly's App., 109 Pa. 222, the Supreme Court said : "The rule is now well settled for most judicial purposes, that the presumption of life with respect to persons of whom no account can be given, ends at the expiration of seven years from the time they were last known to be living," and this rule has been applied in McCausland's Est., 213 Pa. 189; Freeman's Est., 227 Pa. 154; Cunnius v. Reading School Dist., 21 Pa. Superior Ct. 340; Baker v. Fidelity Title and Trust Co., 55 Pa. Superior Ct. 15. In Campbell v. Reed, 24 Pa. 498, it was held that while the presumption was effective in a case where a party had not been heard of for many years, such presumption of death would not apply to a wife and child who accompanied the husband and father.

The time here, twenty-five years, is sufficient to establish the presumption of death as to the mother, or either

of the children, and no reason is suggested why it should apply to one and not to the others.

When the father became a member of the association, he had living with him at that time, Anna, and the plaintiff; his two other children had not then been heard from for more than nine years, and there is nothing to indicate that he believed either of them to be alive at that time. His designation of "his children" as his beneficiaries fully covered the ones remaining in his family.

While there are exceptional cases exempting children from the force of the presumption when they accompany parents, it can only reasonably apply while they remain in a dependent condition, and when they reach or approach maturity they must become subject to the general rule, and in this record, Mary and Julia, have been unheard of for more than nineteen years after each attained her majority. The evidence is meagre, necessarily so, from the very nature of the case, but the controlling facts, if believed, would warrant a jury in finding, under the law, that these absentees were presumed to be, dead, and that Anna having died in 1911, the plaintiff was the sole beneficiary. Furthermore, under the pleadings we have the uncontradicted averment of the statement, "that the officers of Branch No. 41, upon the death of Felicks Kuvicks (father of the plaintiff), complied with the rules of the organization, and duly notified the defendant organization that the plaintiff was the sole beneficiary," and gave her name and address, which placed the burden of proof on the defendant, and the declaration of the officers of Branch No. 41, in relation to the death of Kuvicks, was competent to show the relation of the plaintiff as sole beneficiary, as well as his standing in the society at the time of his death. These items of proof should have been received in evidence at the time the case was submitted to the jury, under proper instructions.

The judgment is reversed, and a venire facias de novo awarded.