## Hahn's Estate

*McDonald, Cray & McDonald,* for accountant.

MATTHEWS, P. J., June 21, 1939.—The only question here involved is the date from which the Commonwealth is entitled to interest on the transfer inheritance tax.

The Act of June 20, 1919, P. L. 521, sec. 38, art. IV, 72 PS §2442, provides, inter alia, as follows:

"If the tax is paid within three months after the death of the decedent, a discount of five per centum shall be allowed. If the tax is not paid at the end of one year from the death of decedent, interest shall be charged at the rate of twelve per centum per annum on such tax."

What then, is the date of death of Albert G. Hahn? In proceedings under section 6 of the Fiduciaries Act of June 7, 1917, P. L. 447, if the presumption of death is established, the court may also determine the date when such presumption arose; and in this case the court did determine that the presumption of death arose at some undetermined date in the fall of 1926. While the court should have fixed a definite date, since none of the next of kin of Albert G. Hahn has died since his disappearance, this omission does not affect any distribution which may be made here.

It is well settled that for most judicial purposes the presumption of life continues for a period of seven years from the time a person was last known to be living. At the expiration of that period, the presumption of death arises: Burr v. Sim et al., 4 Whart. 150; Whiteside's Appeal, 23 Pa. 114; Esterly's Appeal, 109 Pa. 222; Schoneman's Appeal, 174 Pa. 1; Baker v. Fidelity Title & Trust Co., 55 Pa. Superior Ct. 15; Maley, Executrix, v. Pennsylvania R. R. Co., 258 Pa. 73; Groner v. Supreme Tent of the Knights of the Maccabees, etc., 265 Pa. 129.

While for most purposes the presumption of death is as effective as direct proof of the fact, it would seem to us to be a harsh rule to calculate interest on the inheritance tax from the date on which the presumption arose. This particular date is not known until determined by the court. Even though proceedings may be instituted promptly after the expiration of seven years' absence, they could not be concluded within the period of three months. Notices, by advertisement, for a longer period

of time are required by the Fiduciaries Act. Therefore, if the date on which the presumption of death arose, as thereafter decreed by the court, is the date from which the right to discount is to be determined, then no discount could ever be obtained. Payment of the tax could not possibly be made within the discount period. It would seem to be equally unjust to use the date on which the presumption of death arose for the calculation of interest on the tax.

Taxing statutes should be strictly construed, and in case of doubt the construction should be in favor of the taxpayer: Commonwealth v. P. R. T. Co., 287 Pa. 190. Interest at the rate of 12 percent per annum is a penalty: The Commonwealth v. The Easton Bank, 10 Pa. 442; Commonwealth v. Standard Oil Co., 101 Pa. 119, 150; and penalties are not favored in the law. Penalties are intended for cases of intentional and unexcused delay on the part of the taxpayer: Commonwealth v. Philadelphia & Reading Coal & Iron Co., 145 Pa. 283.

The Fiduciaries Act provides that if the court decrees that the presumption of death has been established, there shall be forthwith published for three successive weeks a notice requiring the presumed decedent, if alive, to produce in court satisfactory evidence of his continuance in life. Such evidence may be produced within 12 weeks from the date of the last publication. If the presumed decedent does not appear, the decree is confirmed absolutely.

It seems to us that the date of absolute confirmation by the court should be regarded as the date of death for the purpose of calculating discount or interest on inheritance taxes in such cases. No party in interest could possibly pay the tax prior to that date. . . .

---

NOTE.—See Inheritance Tax of Persons Presumed to be Dead, 1 D. & C. 502, and Hacker's Estate, 31 D. & C. 328.